IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN DEON RADFORD, #26026215, Plaintiff, | § | |
| v. | § | No. 3:26-cv-02362-K (BT) |
| FNU LNU, Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On July 14, 2026, Dallas County inmate Jonathan Deon Radford filed a document that was docketed as a prisoner civil rights complaint under 42 U.S.C. § 1983. Compl. (ECF No. 3). But the complaint was not filed on the approved form for prisoner civil rights actions in this District. *See* NDTX Misc. Ord. 14 (requiring prisoner § 1983 complaints to be filed on a Court-approved form). Nor did Radford pay the filing fee or move for leave to proceed in forma pauperis (IFP). So, the Court ordered Radford to correct these deficiencies by August 17, 2026, and it supplied the necessary forms to do so. *See* Ord. and Not. of Deficiency (NOD) (ECF No. 4). The Court warned Radford that his failure to correct the deficiencies would result in the dismissal of this case under Federal Rule of Civil Procedure 41(b).

Radford subsequently filed an IFP motion, but, to date, he has not filed an amended complaint on the approved form for prisoner civil rights actions, and his time to do so has passed.

## Legal Standards and Analysis

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Radford's complaint is not on the approved form for prisoner civil rights actions. The approved form is designed to—among other things—allow prisoners the chance to plead their best case and comply with Federal Rule of Civil Procedure 8(a) by presenting their claims in a coherent fashion, which, in turn, aids the Court in screening the complaint under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A. Radford's failure to file his complaint on the approved form has stalled the screening process and prevented this case from progressing. As a result, the District Judge should dismiss Radford's case without prejudice under Rule 41(b) for failure to prosecute and failure to obey court orders.

## Recommendation

The District Judge should dismiss plaintiff Jonathan Deon Radford's case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey Court orders.

**SO RECOMMENDED.**

September 18, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).